**Paul L. DITZLER and Robert C. Long**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS LOCAL LODGE NO. 1984 OF the DISTRICT LODGE NO. 98 and RCA Corporation.**

**Civ. A. No. 77–4015.**

United States District Court, E. D. Pennsylvania.

June 9, 1978.

---

J. R. Gray, Lancaster, Pa., John H. Leddy, Philadelphia, Pa., for plaintiffs.

Charles W. Johnston, Jr., Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiffs have brought this action against the International Association of Machinists and Aerospace Workers Local Lodge No. 1984 of the District Lodge No. 98 (the Union), and RCA Corporation (RCA) alleging that certain layoffs of the plaintiffs were in violation of the collective bargaining agreement, and that the Union breached its duty of fair representation in failing to process grievances resulting from these layoffs, all in violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (§ 301).

The Union now moves to dismiss this action on the grounds that plaintiffs have failed to exhaust intra-union remedies by not seeking review of the actions complained of pursuant to Section L of the Constitution of the International Association of Machinists and Aerospace Workers (the Constitution). Plaintiffs oppose this motion for two reasons. First, they contend that the burden of exhausting intra-union remedies does not apply to § 301 actions, and is only required for actions under 29 U.S.C. § 411, *et seq.* the Bill of Rights of Members of Labor Organizations. We do not agree. In *Brady v. Trans World Airlines, Inc.,* 401 F.2d 87, 104 (3d Cir. 1968), the Court stated:

"It has been the general rule, and the rule of this circuit, that before a suit against a union for breach of its duty of fair representation may be brought in the courts, the member must first exhaust the available internal union remedies, or show an adequate reason for failing to do so. There is good reason for this rule which forestalls judicial interference with the internal affairs of a labor organization until it has had at least some opportunity to resolve disputes concerning its own legitimate affairs. * * * "

Granted, *Brady* did not specifically deal with a § 301 case, but there is nothing in that case that precludes the application of this rule to such an action, and recently in *Pawlak et al. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 764, et al.,* 444 F.Supp. 807 (M.D.Pa.1977), *affirmed on the opinion of the District*

*Court*, 571 F.2d 572 (3d Cir. 1978), the Court applied the rule of *Brady* to a § 301 action. We therefore hold that *Brady* is applicable to this case.

Plaintiffs contend in the alternative that they should not be held to this requirement because in this case the appeals set forth in the Constitution are so time-consuming that plaintiffs would be denied their rights as a practical matter. To this argument we respond by observing that *Brady* dealt with the same Union as the one involved in the case at bar. We note that the Union's internal procedure allows for review of the plaintiffs' contentions on union levels higher than those responsible for the decisions against them, as was the case in *Brady*.

Thus, we shall grant the Union's motion to dismiss for failure to utilize available intra-union remedies. We need not, therefore, consider defendant's contentions that this case should be dismissed for failure to exhaust remedies set forth in the collective bargaining agreement, and need not consider the motion to strike plaintiffs' claim for punitive damages.

We must, however, consider whether or not the dismissal of plaintiffs' action against the Union mandates dismissal of the action against RCA. We recently considered such an issue in *Neipert v. Arthur G. McKee & Company, et al.*, 448 F.Supp. 206 (E.D.Pa.1978). In that case, we examined the law and concluded that if the available intra-union remedies did provide for the possibility of reversal of the lower Union officials' decisions and for the reinstatement of the grievance, then it would be proper to dismiss the action against the employer, since the employees could have through those procedures either obtained reinstatement of the grievance or it could have been determined that there was no breach of duty by the Union. We find that logic applicable to this case and, accordingly, we shall also dismiss the action against RCA.