David PRINCE

v.

SUN SHIPBUILDING & DRY DOCK CORP., Lodge No. 802 of International Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers, Affiliated with AFL–CIO.

Civ. A. No. 78–638.

United States District Court, E. D. Pennsylvania.

Feb. 13, 1980.

Nathaniel C. Nichols, Delaware County Legal Assistance Ass'n, Inc., Chester, Pa., for plaintiff.

Joseph Lurie, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for defendant Lodge No. 802.

Fred D. Furman, Kleinbard, Bell & Brecker, Philadelphia, Pa., for defendant Sun Shipbuilding.

## MEMORANDUM

SHAPIRO, District Judge.

Plaintiff brings this action against his former employer and union and alleges that he was discharged from his employment in violation of the collective bargaining agreement then in force and that the union breached its duty to represent plaintiff fairly in reference to his discharge. Plaintiff asserts a claim under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and a pendent state claim for wrongful termination of employment and/or intentional interference with contractual relations against both defendants.

The gravamen of plaintiff's claim is that defendant employer wrongfully discharged plaintiff for allegedly leaving work without permission and that, after the company denied plaintiff's grievance, defendant union failed to proceed to arbitration which was the next step provided for by the collective bargaining agreement. The collective bargaining agreement attached to the Complaint provides a four-step grievance process. The first three steps can be taken up by the union, or any employee or group of employees affected; the fourth step, arbitration, requires that the company shall be notified in writing by the union within fifteen (15) days that the grievance will be submitted for determination by the arbitrator. The agreement further provides that unless the parties otherwise agree, the grievance is considered waived if any step of the grievance procedure is not carried forward within the time specified. Complaint, Exhibit C.

Defendant local union moves for summary judgment on the ground that plaintiff has failed to exhaust internal union remedies. In support, defendant submits an affidavit of the international union president averring that: plaintiff never filed a charge or appeal under the international Constitution; the international Constitution provided an intra-union procedure for filing charges against the local officers; plaintiff could have filed a charge against the officers if he believed they had improperly or illegally refused to represent him; and

". . . had such a charge been filed . . . it would have been processed promptly." Union's Motion for Summary Judgment, Exhibit A. Defendant employer has also filed a motion for summary judgment for failure to exhaust available internal union remedies but submits no supporting affidavits.

 Counsel for the union asserts that Article XVII of the international union Constitution (union Brief, Ex. B) when read together with Section 10 of another Article (union Brief, Ex. C) makes a union official's failure to process a grievance properly chargeable under the Constitution. The unverified representations of counsel in a brief are not a proper part of the record for consideration on a motion for summary judgment. *Braden v. University of Pittsburgh*, 477 F.2d 1, 6 (3d Cir. 1973); *see, Cisternas-Estay v. Immigration and Naturalization Service*, 531 F.2d 155, 157 n. 1 (3d Cir. 1976), *cert. denied*, 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 127 (1976); *Chevalier v. Baird Savings Association*, 72 F.R.D. 140, 145 (E.D.Pa.1976). Moreover, the Article relied upon is entitled "Disciplinary Proceedings, Trials and Appeals" and on its face appears to deal with charges against officers leading to trials and penalties, including reprimand, fine and suspension from office of the officer charged. There is nothing to suggest that any remedy is available to the aggrieved union member for failure to process a grievance, such as, for example, reinstatement of the grievance or damages.

 The cases are clear that plaintiff must exhaust internal union remedies or show an adequate reason for failure to do so; failure to exhaust union remedies precludes a showing at trial that the union has breached its duty of fair representation to plaintiff and bars the direct action against the employer permitted by *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). The general rule and the rule of this Circuit as stated in *Brady v. Trans World Airlines, Inc.*, 401 F.2d 87, 104 (1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct.

680, 21 L.Ed.2d 691 (1969), is that the member must first exhaust available union remedies. However, this presupposes that union remedies are available and it is this showing that has not been made by the defendant union on the present record. Had the union established that a remedy existed which was available to the plaintiff, the Court would then face whether plaintiff had shown sufficient reason for failure to avail himself of same. It is clear that on a motion for summary judgment plaintiff could not merely rely on the allegations of his complaint, however well pleaded, but would have to establish an evidentiary basis for his contentions by counter-affidavits and discovery filed of record. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968); *Lucas v. Philco-Ford Corp.*, 380 F.Supp. 139, 143–44 (E.D.Pa.1974). But that is not the present posture of this case.

█ The reason for the rule that plaintiff must attempt to exhaust exclusive grievance and arbitration procedures is that where an employee's claim is based upon a breach of the collective bargaining agreement, he is bound by the terms of the agreement governing enforcement of contractual rights; *Vaca, supra*, 386 U.S. at 184, 87 S.Ct. at 913. But the Supreme Court has made clear in the *Vaca* opinion that establishing grievance procedures cannot confer upon unions unlimited discretion to deprive injured employees of all remedies for breach of contract. For if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance, and there was a breach which could have been remedied

through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair representation to the employee, then in the words of the Supreme Court, "[t]o leave the employee remediless in such circumstances would in our opinion be a great injustice." *Vaca, supra*, at 185–186, 87 S.Ct. at 914.

Consistent with the Supreme Court's concern that a remedy exist, all the recent cases in this district dismissing or granting summary judgment to defendant union or employer for an employee's failure to exhaust internal union remedies have found procedures available which provided for reversing the union official and reinstating the grievance. *E.g., Kobielnik v. International Brotherhood of Teamsters*, 470 F.Supp. 125, 127 (E.D.Pa.1979);[1] *Dezura v. Firestone Tire and Rubber Co.*, 470 F.Supp. 121, 125 (E.D.Pa.1979);[2] *Pagano v. Westinghouse Electric Corp.*, Civil Action No. 78–232 (E.D.Pa., filed January 25, 1979); *Neipert v. Arthur G. McKee and Co.*, 448 F.Supp. 206, 209 (E.D.Pa.1978); *Ditzler v. International Association of Machinists*, 453 F.Supp. 50, 51 (E.D.Pa.1978); *Aldridge v. Ludwig-Honold Manufacturing Co.*, 385 F.Supp. 695, 698 (E.D.Pa.1974), aff'd mem., 517 F.2d 1397 (3d Cir. 1975), cert. denied, 423 U.S. 937, 96 S.Ct. 298, 46 L.Ed.2d 270 (1975). Indeed, in *Lucas v. Philco-Ford Corp., supra* at 144–45, the Court refused to grant summary judgment to defendant union on grounds of plaintiff's failure to exhaust intra-union remedies where the intra-union procedures led only "to the discipline of an offending officer or member, rather than to damages for an injured plaintiff." Such procedures, the Court held, are "inade-

---

1. Further, in *Kobielnik*, the union constitution explicitly provided for exhaustion of remedies in all grievances before resort to court action against the union or any officer. No such provision has been established on the record of this case.

2. In *Dezura*, the district court appears to place the burden upon plaintiff-employee to establish that the international union lacks power to reverse the local union and force it to take plaintiff's grievance to arbitration. However, in *Neipert v. Arthur G. McKee and Co., supra*

at 209 and *Aldridge v. Ludwig-Honold Manufacturing Co., supra* at 698, upon which *Dezura* in part relies, the facts establishing the nature of intra-union procedures were stated by defendant unions. Because the moving party on summary judgment bears the burden of showing lack of a genuine issue as to any material fact, 6 Moore's Federal Practice ¶ 56.15[3] (2d Ed. 1976), in the absence of proof of the adequacy of the intra-union remedies, this Court is of the opinion that defendant's motion must be denied.

quate." *Id.* The same logic applies in the case at bar, where nothing brought to the Court's attention, of record or otherwise, suggests the availability of internal union procedures for award of damages or reinstatement of grievances.

In view of the union's failure to establish internal union remedies, the defendant company cannot avail itself of such a defense at this juncture. An employer has been held entitled to avail itself of the union's defense of nonexhaustion of internal union remedies only where such remedies provide for reversal of the allegedly improper decision; *Pagano v. Westinghouse, supra; Neipert v. Arthur G. McKee & Co., supra*, and cases cited therein. In the instant case, even if the international Constitution provided a remedy to plaintiff, it is far from clear that the collective bargaining agreement would permit arbitration of plaintiff's grievance after the time limits provided for therein have expired. The collective bargaining agreement attached as an exhibit to plaintiff's Complaint states there must be strict adherence to the time limits set forth. Such a provision was not stated to be present in *Dezura v. Firestone Tire & Rubber Company, supra*, where summary judgment was granted the employer because it was willing to arbitrate even though no longer bound by the contract to do so; judgment there was conditioned on binding arbitration of the legality of plaintiff's discharge with plaintiff allowed to proceed *pro se* or with an attorney even without the assistance of the union or its counsel.

Plaintiff may not be deprived of a day in court on so insubstantial a showing as this present record. However, denial of defendants' motions for summary judgment does not preclude establishing at trial that plaintiff has failed to exhaust any internal union remedies providing for: 1) a determination of whether or not there was a breach of duty; 2) if there were, a reversal of the lower union official's decision with reinstatement of the grievance or damages to the party aggrieved.

The disposition of defendants' motions for summary judgment makes it unnecessary to deal with plaintiff's pendent claims at this time. For the reasons stated above, an order denying defendants' motions for summary judgment was entered on February 13, 1980.