**Dorothy G. WOLF**

v.

**NATIONAL SHOPMEN PENSION FUND, Shopmen's Local Union 548 and Richard H. Gehringer.**

Civ. A. No. 79–3585.

United States District Court, E. D. Pennsylvania.

April 29, 1981.

Thomas F. Traud, Jr., Allentown, Pa., for plaintiff.

Stephen C. Richman, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The duty of union members to exhaust internal remedies prior to institution of suit against the union for breach of its duty of fair representation scarcely requires elaboration. *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519 (3d Cir. 1973), *Brady v. Trans World Airlines*, 401 F.2d 87 (3d Cir. 1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 69 (1969), *Gainey v. Brotherhood of Railway and Steamship Clerks*, 275 F.2d 342 (3d Cir.) *cert. denied*, 363 U.S. 811, 80 S.Ct. 1248, 4 L.Ed.2d 1153 (1960). In the case at bar plaintiff alleges that the defendant union president acting as an agent of the defendant National Shopmen Pension Fund (Pension Fund), negligently failed to process properly pension forms executed by plaintiff's decedent. Plaintiff seeks judgment in the amount which she would have received from the pension absent defendants' questioned conduct.

Conceding that neither defendant Shopmen's Local Union 548 (union) nor the Pension Fund acted with any independent negligence, plaintiff argues that the union president's explanation and completion of the application made him an agent of both the union and Pension Fund, although they are discrete and separate legal entities. *See* Employee Retirement Income Security Act, 29 U.S.C. § 1132(d)(1) and *Lewis v.*

*Benedict Coal Co.,* 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). The members of the Board of Trustees of the Pension Fund retain fiduciary responsibilities, *see* 29 U.S.C. § 1104, and must discharge their duties solely in the interests of the fund's beneficiaries. The Board does not represent or obey the union or any local affiliates, which exercise no control or supervision thereof.

■ Plaintiff, as a third-party beneficiary of the right acquired by her decedent, who bargained for the terms and conditions of the contract, became subject to any legal defenses thereto. *Sears, Roebuck & Co. v. Jardel Co.,* 421 F.2d 1048 (3d Cir. 1970), *Grim v. Thomas Iron Co.,* 115 Pa. 611, 8 A. 595 (1887). The duty to exhaust internal remedies also applies to a dispute concerning pension benefits. *Challenger v. Local Union 1 of the International Bridge Structural & Ornamental Ironworkers,* 619 F.2d 645 (7th Cir. 1980), *Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980), *Scheider v. United States Steel Corp.,* 486 F.Supp. 211 (W.D. Pa.1980), *Lucas v. Warner & Swasey Co.,* 475 F.Supp. 1071 (E.D.Pa.1979). In the case at bar, Section 7.04 of the pension plan provides an appeal procedure:

> A participant whose application for benefits under this Plan has been denied, in whole or in part, is to be provided with adequate notice in writing setting forth the specific reasons for such denial, and shall have the right to appeal the decision by written request filed with the Trustees within 180 days after receipt of such notice. The appeal shall be considered and decided by the Trustees. A decision shall be communicated to the claimant within (90) days after receipt of all pertinent evidence.

Plaintiff never attempted to comply with this mandate, *see Vaca v. Sipes,* 376 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) and *Republic Steel Corp. v. Maddox,* 374 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1964), but contends that the failure of the union president and Pension Fund administrator to respond to counsel's letters waived this defense. *See Ritter v. Western Electric Co.,*

504 F.Supp. 886 (E.D.Pa.1980) (plaintiff has the burden of showing why she need not comply with this requirement). Clearly, ignorance of union procedure, *Aldridge v. Ludwig Honold Manufacturing Co.,* 385 F.Supp. 695 (E.D.Pa.1974), *aff'd,* 517 F.2d 1397 (3d Cir.), *cert. denied,* 423 U.S. 937, 96 S.Ct. 298, 46 L.Ed.2d 270 (1975), failure to procure union rules and regulations, *Dezura v. Firestone Tire & Rubber Co.,* 470 F.Supp. 121 (E.D.Pa.1979), *aff'd,* 612 F.2d 571 (3d Cir. 1980), non-prejudicial delays in pressing a grievance, *McClain v. Mack Trucks, Inc.,* 494 F.Supp. 114 (E.D.Pa.1980), and reliance upon casual remarks of union officials, *Ritter v. Western Electric Co., supra, Dezura v. Firestone Tire & Rubber Co., supra,* will not excuse this requirement. Likewise, allowing plaintiff to avoid this duty for her proffered reason would in effect permit her to write her own appeal procedure and to define unilaterally the responsibility of union and pension fund membership and participation.

■ Similarly, plaintiff also must exhaust internal remedies provided by the union. Article XIX of the Constitution of the International Union outlines this procedure, which permits an aggrieved member to appeal from the action of the local union by filing a charge with the International Union General President, who determines whether the allegations warrant a trial and arranges for hearing before the General Executive Board of the International Union. Alternatively, a dissatisfied member may file charges against the local union with the General President of the International Union under Article XXI, Section 17. If this body rejects the member's claim, he may appeal to the next regular meeting of the General Executive Council. The member may represent the counsel, produce witnesses, and submit briefs and evidence. Article XIX, Section 11. The International Union Constitution also prohibits litigation prior to exhaustion of this procedure. Article XIX, Section 4. Plaintiff has not alleged that appealing the union or pension fund action would be futile, *Griesemer v. Retail Store Employees Union Local 1393,* 482 F.Supp. 312 (E.D.Pa.1980), or that inter-

nal remedies would be unavailable, *Kobielnik v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 470 F.Supp. 125 (E.D.Pa. 1979), or inadequate. *Dezura v. Firestone Tire & Rubber Co., supra.* See generally *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

Again, plaintiff's excuse for failing to exhaust internal union remedies cannot be accepted. The reasons for disallowing circumvention of this requirement need not be reiterated but fully apply to the circumstances of this case. *See Ritter v. Western Electric Co., supra, McClain v. Mack Trucks, Inc., supra, Griesemer v. Retail Store Employees Union Local 1393, supra,* and *Dezura v. Firestone Tire & Rubber Co., supra.* Accordingly, the motion of the union and Pension Fund to dismiss will be granted. Plaintiff's compliance with the appeal procedure may absolve the union president from any alleged negligence or breach of duty. *See Ritter v. Western Electric Co., supra, Prince v. Sun Shipbuilding & Dry Dock Corp.*, 86 F.R.D. 106 (E.D.Pa.1980), and *Dezura v. Firestone Tire & Rubber Co., supra,* and *compare with Carey v. Beans,* 500 F.Supp. 580, 585 (E.D.Pa.1980) and *Mikkilineni v. United Engineers & Constructors*, 485 F.Supp. 1292, 1299 n. 1 (E.D.Pa. 1980). Therefore, the complaint will be dismissed as to him as well.