[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on defendants' motion to dismiss pursuant to Super. R. Civ. P. 12(b)(6). The plaintiff in this action seeks to recover past payments of dues to the North Providence Federation of Teachers, Local 920 (the union) which have been taken out of his paycheck for the past 15 years. The defendants maintain that as a union member, the plaintiff must first seek to resolve the current dispute by way of the procedural remedies provided within the union itself. Furthermore, the defendants assert that the plaintiff has failed to comply with the requisite mandates of R.I.G.L. § 9-2-12 and therefore that service of process was insufficient. For the reasons set forth below, the defendants' motion to dismiss is granted.
With respect to the defendants' assertion that the plaintiff's claim be dismissed because he has failed to exhaust the remedies available through the union, the Court agrees. The eighth circuit has held that ordinarily an employee must first exhaust all internal union remedies before seeking relief against a union in federal court, absent adequate reasons for failing to do so. Rainey v. Missouri Utilities Co., 596 F.2d 310, 314 (8th Cir. 1979). Where the union by-laws do not provide an adequate remedy, or it is shown that an attempt to utilize the internal union remedies would be futile, then a court would be the proper venue. Kobielnik v. International Brotherhood of Teamsters, 470 F. Supp. 125, 127 (D.C. Pa. 1979). Neither of these prerequisites have been satisfied by the plaintiff in the instant case. That is, the plaintiff has not provided sufficient reasons for his failure to utilize the procedure provided by the union, nor has he shown why such an attempt would be futile.
The Rhode Island Supreme Court has also indicated that as a matter of judicial policy all avenues of appeal within the union must be exhausted before the jurisdiction of the court is invoked. Federation of Insurance Employees v. United OfficeWorkers of America, 74 A.2d 446, 77 R.I. 210 (1950). In this regard, courts have noted that by encouraging labor organizations to settle their own problems, union procedures can then be implemented. This in turn opens the door to the opportunity for the respective parties to reach a settlement and enables there to be a refining and defining of the problem which may assist the court if litigation is unavoidable. Detroy v. American Guild ofVariety Artists, 286 F.2d 75 (2nd Cir. 1961).
Notwithstanding the above reasoning pertaining to the internal union remedies available to the plaintiff, the Court finds no basis in either law or fact to support the contention that the plaintiff is presently entitled to past union dues. Having enjoyed the benefits of union membership for several years, there is no merit to the plaintiff's claim that he is now able to recoup the dues paid out during this period of time after he is no longer associated with the union.
Therefore, for the reasons set forth above, the defendants' motion to dismiss is granted. Counsel are directed to prepare an order in conformity with this decision.