**Ida EVANS, Plaintiff,**

v.

**LITTLE FLOWER NURSING HOME, INC., et al., Defendants.**

**No. 76–1038C(4).**

United States District Court, E. D. Missouri, E. D.

Jan. 5, 1977.

Raymond Howard, Jr., Howard, Singer & Meehan, St. Louis, Mo., for plaintiff.

Jess W. Ullom, Clayton, Mo., for Little Flower Nursing Home, Inc.

Kenneth C. Brostron, Lashly, Caruthers, Thies, Rava & Hamel, St. Louis, Mo., for McCluskeys.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon motions filed by defendants McCluskey and defendant Little Flower Nursing Home to dismiss plaintiff's complaint, because of lack of jurisdiction and because the complaint is time-barred by the applicable statute of limitation. Plaintiff filed this suit, pursuant to 42 U.S.C. § 2000e et seq., 28 U.S.C. § 1343 in conjunction with 42 U.S.C. §§ 1981 and 1983, and 28 U.S.C. § 1331, alleging discrimination on the basis of race. Plaintiff was discharged from her employment on April 16, 1971 and a charge was filed with the Equal Employment Opportunity Commission. A Right-to-Sue letter was issued on December 19, 1974. On March 18, 1975, plaintiff filed suit in this Court, Ida Evans v. Little Flower Nursing Home, Inc., No. 75–254C(3). On October 21, 1976, that suit was dismissed without prejudice for failure to answer interrogatories. The present suit was filed on November 9, 1976.

After the filing of charges with the Equal Employment Opportunity Commission, but before the Right-to-Sue letter was issued, Little Flower Nursing Home, Inc. was dissolved. At the same time, certain persons filed a Registration of Fictitious Name with the Missouri Secretary of State's Office stating that they were doing business as Little Flower Nursing Home. Apparently, the business had been sold but continued operation. Little Flower Nursing Home, Inc. has since been incorporated by the new owners. In the first suit filed herein, No. 75–254C(3), service was obtained upon the newly-incorporated Little Flower Nursing Home, Inc. and plaintiff was unaware of the change in ownership until receipt of answers to interrogatories in No. 75–254C(3). In the present suit, plaintiff is suing both the newly-incorporated Little Flower Nursing Home, Inc. and the last officers, directors, owners and statutory trustees of Little Flower Nursing Home, Inc.

It is the Court's conclusion that plaintiff's claim pursuant to 42 U.S.C. § 2000e et seq. is time-barred. The statute requires that plaintiff filed suit within ninety days of receipt of the Right-to-Sue letter. 42 U.S.C. § 2000e–5. This filing requirement has been held to be jurisdictional. DeMatteis v. Eastman Kodak Co., 511 F.2d 306 (2d Cir. 1975). It is clear that this suit was not instituted within the 90-day period. It is irrelevant that another suit, since dismissed, was timely filed. That does not serve to revive the 90-day period anew upon dismissal. Cf., Cleveland v. Douglas Aircraft Company, 509 F.2d 1027 (9th Cir. 1975).

**50**

It is the Court's further conclusion that plaintiff's claims pursuant to 28 U.S.C. §§ 1343 and 1331 are time-barred by the applicable statute of limitations. Missouri's five year statue of limitations for contract actions § 516.120(1), R.S.Mo. (1969) has been held to be applicable under these circumstances. *Green v. McDonnell Douglas Corporation,* 463 F.2d 337 (8th Cir. 1972), *vacated on other grounds,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff's suit was not filed within five years of the discharge and accordingly is barred.

Plaintiff argues that § 516.280 R.S.Mo. (1969) should be applied. This section provides for an extension of the statutes of limitations during such time as defendant prevents commencement of the action "by absconding or concealing himself, or by any other improper act . . .". Plaintiff asserts that the original Little Flower Nursing Home, Inc., by failing to inform the Equal Employment Opportunity Commission of its dissolution, committed an improper act which should extend the statute. The Court disagrees. Plaintiff knew of the dissolution and re-incorporation in cause No. 75–254C(3) but apparently made no attempt to join the officers, directors, owners and statutory trustees as defendants in that suit. Moreover, the Court can not conclude that failure to notify the Equal Employment Opportunity Commission of a dissolution constitutes an improper act within the meaning of § 516.280. *Cf., Davis v. Carp,* 258 Mo. 686, 167 S.W. 1042 (1914). The dissolution was a matter of public record, easily available to plaintiff.

Defendants' motions to dismiss will be granted.