567 F.2d 755
 16 Fair Empl.Prac.Cas. 426, 15 Empl. Prac.
Dec. P 7963
Ida EVANS, etc., Appellant,
v.
Gertrude McCLUSKEY, Margaret McCluskey, and Mary McCluskey,
as the last Officers, Directors, Owners and Statutory
Trustees of Little Flower Nursing Home, Inc. and Little
Flower Nursing Home, Inc., Appellees.
 No. 77-1053.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 11, 1977.
Decided Dec. 7, 1977.
Rehearing Denied Jan. 9, 1978.
 
 Raymond Howard, Jr., and Kenneth R. Singer, St. Louis, Mo., on brief for appellant.
 Kenneth C. Brostron, St. Louis, Mo., and Raymond I. Harris and Jess W. Ullom, Clayton, Mo., on brief for appellees.
 Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Ida Evans appeals from the dismissal of her race discrimination action against her employer brought under Title VII, 42 U.S.C. § 2000e et seq. (1970 & Supp. V 1975), and under 42 U.S.C. §§ 1981, 1983 (1970). The district court[1] held that the statute of limitations barred the present action, which is the second of two suits brought by Ms. Evans to redress the alleged discrimination. We affirm.
 
 
 2
 The Little Flower Nursing Home (Little Flower I) fired Ms. Evans from her job as a nurse's aide on April 16, 1971. Ms. Evans then filed charges with the EEOC claiming race discrimination. She received a right-to-sue letter from the EEOC on December 19, 1974, and filed a timely action against Little Flower Nursing Home, Inc., on March 18, 1975. After Ms. Evans filed her charges with the EEOC but before she brought the first action in district court, the owners of Little Flower I, Gertrude, Margaret, and Mary McCluskey, sold the home and dissolved their corporation. The purchasers, Marcus and Ersie Rogers, incorporated and operated as Little Flower Nursing Home, Inc. (Little Flower II). Thus, in the first action Ms. Evans actually sued Little Flower II, the only Little Flower Nursing Home, Inc. in existence at that time, although she intended to sue Little Flower I, the employer that had fired her.
 
 
 3
 In February 1976, as the result of answers to her interrogatories, Ms. Evans learned of the change in ownership, but took no steps to press her claim against the proper defendant. Rather, she allowed the court, in October 1976, to dismiss her action without prejudice for her failure to answer interrogatories. She neither appealed nor moved to reinstate the first suit. On November 9, 1976, Ms. Evans brought the present action, naming Little Flower I, its former owners, and Little Flower II as defendants. The district court held that the Title VII claim was barred by 42 U.S.C. § 2000e-5(f) (Supp. V 1975) because the action was not brought within ninety days of receipt of the right-to-sue letter.
 
 
 4
 We agree with the district court. The present action was filed more than ninety days after Ms. Evans received her right-to-sue letter on December 19, 1974. Ms. Evans argues that the letter was not proper notice because it misled her by failing to inform her of the change in ownership of the home. In support, she cites decisions in which this court has held that a right-to-sue letter that fails to give actual and effective notice of the party's right to sue does not trigger the ninety-day limitation period. See Lacy v. Chrysler Corp., 533 F.2d 353 (8th Cir.), cert. denied, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); Tuft v. McDonnell Douglas Corp., 517 F.2d 1301 (8th Cir. 1975), cert. denied, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976). These cases are inapposite. The EEOC's letter adequately informed Ms. Evans of her right to sue ; the only defect, if any, was in the notice of whom to sue. That defect, however, cannot be attributed to the EEOC, which merely named the employer Ms. Evans had named in her charge of discrimination.
 
 
 5
 The district court also held that the five-year statute of limitations found in section 516.120(1) of Missouri Revised Statutes (1969), barred the claims under sections 1981 and 1983. Ms. Evans argues that the court erred in not applying section 516.280 of Missouri Revised Statutes (1969), which provides as follows:
 
 
 6
 If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented.
 
 
 7
 Ms. Evans contends that the change in ownership without a change in name constituted concealment that prevented commencement of the present action. The record does not support her argument. The dissolution of Little Flower I and the incorporation of Little Flower II were matters of public record. Moreover, Ms. Evans learned of the sale of the home from the answers to interrogatories filed on February 24, 1976, as part of the original suit. The record discloses no concealment of the change in ownership of the nursing home.
 
 
 8
 Under these circumstances, we affirm.
 
 
 
 *
 TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 The opinion of the Honorable John F. Nangle, United States District Judge, is reported at 428 F.Supp. 48 (E.D.Mo.1977)