**Calvin McCLAIN, Individually and on behalf of a class of all others similarly situated,**

v.

**MACK TRUCKS, INC., Local 677, United Auto Workers and United Auto Workers.**

**Civ. A. No. 78–382.**

United States District Court, E. D. Pennsylvania.

March 9, 1979.

plaintiffs' counsel, as required by Rule 11, nor annexed to any papers filed by counsel, we will grant defendant's motion.

W. H. Bishop, Pechner, Dorfman, Wolffe, Rounick & Cabot, Philadelphia, Pa., for plaintiff.

Carter R. Butler, Philadelphia, Pa., for Mack Trucks.

R. H. Markowitz, Philadelphia, Pa., for Local 677.

## MEMORANDUM

TROUTMAN, District Judge.

This is an action by a former employee against his employer, Mack Trucks, Inc. (Mack) alleging harassment and discharge because of race, and against defendants Local 677, United Auto Workers and the United Auto Workers (the Union defendants) for breach of their statutory duty to plaintiff of fair representation. Before the Court are Mack's motion to dismiss and plaintiff's motion for class action certification.

■ Plaintiff alleges in Count 1 of his complaint that he was subjected to discriminatory enforcement of company rules, particularly those requiring written medical excuses for periods of absence; that this discrimination was done in retaliation for plaintiff's role in assisting other minority individuals in filing charges of discrimination against Mack with the Pennsylvania Human Relations Commission (PHRC); and that this discrimination was a result of racial animus and discriminatory policies, rules and regulations. Count 2 alleges that plaintiff was involuntarily terminated as a result of his filing charges of discrimination with the PHRC and Equal Employment Opportunity Council (EEOC) and his filing an action against Mack in this Court. Count 3 alleges a pattern of discrimination practiced by Mack against all black employees.[1] Relief is sought pursuant to 42 U.S.C. § 2000e, et seq. (Title VII) and 42 U.S.C. § 1981.[2]

■ Although Mack has moved to dismiss the entire complaint, both as to the § 1981 claims and the Title VII claims, only one contention has merit. Mack moves to dismiss the Title VII claim in Count 1, on the grounds that it is barred by the jurisdictional prerequisites of Title VII. Plaintiff, in his complaint, admits he received his right-to-sue letter from the EEOC on April 27, 1976. This lawsuit, however, was filed on February 1, 1978. Thus, the suit was not initiated within ninety (90) days of the issuance of the right-to-sue letter, as is required by Title VII. See 42 U.S.C. § 2000e–5(f).

Plaintiff contends that a complaint was originally filed within the 90-day period, but was dismissed without prejudice on January 24, 1977. Therefore, he contends, the jurisdictional requirement has been met. However, a dismissal without prejudice leaves an action in the same situation as if it had never been brought. See *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir. 1962). Thus, plaintiff arguably should have filed his subsequent complaint within 90 days of April 27, 1976. This he could not have done. However, significantly, he did not file the complaint within 90 days of the dismissal without prejudice. This he could have done. Certainly, he is now barred from maintaining this claim. See *Johnson v. Railway Express Agency, Inc.,* 489 F.2d 525, 529 (6th Cir. 1973), *affirmed,* 421 U.S.

---

1. Counts 4 and 5 deal with the allegations against the Union defendants regarding breach of statutory duty of representation. Since the Union defendants have not moved to dismiss, the allegations contained therein are not relevant to considerations as to whether or not the complaint states a cause of action, or whether this Court has subject matter jurisdiction, as regards Mack, the moving defendant.

2. In his complaint, plaintiff also asserts claims under 42 U.S.C. § 1983. However, after Mack moved to dismiss all claims under § 1983 because of an absence of state action, plaintiff conceded in his response that he has not stated a cause of action against Mack under § 1983. (See Plaintiff's Memorandum of Law Contra Defendant, Mack Trucks, Inc.'s Motion to Dismiss, p. 5, footnote 3). Accordingly, all such claims are dismissed.

454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). See also *Owens v. Weingarten's, Inc.,* 442 F.Supp. 497 (W.D.La.1977); *Braxton v. Virginia Folding Box Co.,* 72 F.R.D. 124 (E.D. Va.1976); *Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027 (9th Cir. 1975); *Evans v. Little Flower Nursing Home, Inc., et al.,* 428 F.Supp. 48 (E.D.Mo.1977), *affirmed sub nom. Evans v. McCluskey et al.,* 567 F.2d 755 (8th Cir. 1977); *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191 (8th Cir. 1976).

Defendant's motion to dismiss the other counts under Title VII must fail at this point. The complaint has generally averred satisfaction of the conditions precedent in that it alleges preliminary filing with the PHRC, to the extent necessary under F.R.C.P. 9(c).

Also, plaintiff has particularized harm inflicted upon him. He has alleged that he was harassed by unequal enforcement of the rules and then discharged; such harm is highly particular. Therefore, failure to particularize harm is not grounds for dismissal in this case.

Likewise, the causes of action under § 1981 will not be dismissed. Mack contends that the charge of retaliation for assisting others to file claims with the PHRC is an allegation of wrong that is not based solely on plaintiff's race, because an employee of any race can suffer retaliation for assisting black employees in the filing of claims of discrimination. Thus, since this alleged wrong is one that is not solely based upon race, it is not cognizable under § 1981. Such a contention overlooks the true nature of the complaint, which alleges that plaintiff was harassed because of his race and in retaliation for his rendering of assistance to other employees. Because the essence of this complaint is denial of equal employment opportunity because of race, we feel that dismissal of the claim under § 1981 is improper. See *Strozier v. General Motors Corporation,* 442 F.Supp. 475 (N.D.Ga.1977) and *Windsor v. Bethesda General Hospital,* 523 F.2d 891 (8th Cir. 1975). Accordingly, we shall grant the motion to dismiss the cause of action under Title VII in Count 1 of the complaint, and will deny the motion as to all other causes of action.

Plaintiff's motion for class action certification will also be denied. F.R.C.P. 23 requires, *inter alia,* that for a member of a class to sue as a representative party on behalf of all he must have a claim that is typical of the claims of the class. First of all, his employment record was described by Arbitrator Wayne Howard as "among the worst that the Umpire has seen in almost a quarter of a century of arbitration". In 1972, he was absent 37 days; in 1973, 83 days; and in 1974, 173 days. In 1975, plaintiff was subjected to suspension, but still recorded 62 absences, and in 1976, in a work period of between six and seven months that was interrupted by a lengthy layoff and disciplinary suspension, plaintiff compiled 37 instances of absence, tardiness or leaving work early. Thus, plaintiff in this case does not have a claim typical of putative class members.

Plaintiff's claim is also not typical of putative members because his matter was taken to arbitration. He is, therefore, less capable of representing black employees in an action for breach of statutory duty of representation than an employee whose matter had never proceeded to arbitration. Because he has a less substantial claim against the Union defendants, he also has a less substantial claim against Mack. See *Neipert v. Arthur G. McKee & Co., et al.,* 448 F.Supp. 206 (E.D.Pa.1978).

Accordingly, we shall also deny plaintiff's motion for class action certification.