**Calvin McCLAIN**

v.

**MACK TRUCKS, INC. et al.**

**Civ. A. No. 78–382.**

United States District Court,
E. D. Pennsylvania.

Jan. 21, 1982.

Charles W. Bowser, William H. Bishop, Philadelphia, Pa., for plaintiff.

Jonathan A. Boxer, Philadelphia, Pa., for Mack Trucks.

Robert C. Cohen, Philadelphia, Pa., for Local 667 and Intern. Union, United Automobile, Aerospace and Agricultural Implement Workers (UAW).

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

■ Asserting that he was fired in contravention of rights secured by the Civil Rights Act of 1870, 42 U.S.C. § 1981 and the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII)[1], plaintiff brought this action against defendant Mack Trucks, Inc. (Mack) seeking reinstatement and back pay.[2] Mack, now moving for summary judgment, argues that plaintiff failed to adduce facts sufficient to establish a prima facie case that he was fired for impermissible reasons. See Fed.R.Civ.P. 56. Alternatively, defendant asserts that it has successfully rebutted plaintiff's prima facie case and that plaintiff has not articulated any facts to show that the asserted reason for his termination, excessive absenteeism, was pretextual. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We agree with defendant and grant the motion.

■ Plaintiff's employment record with defendant includes an inordinate amount of absenteeism, late arrivals and early quits. The exact and undisputed figures are that plaintiff was absent or failed to work a full day 27.3% of the time in 1972, 34.7% of the time in 1973, 73% of the time in 1974, 32.9% of the time in 1975, 20.8% of the time in 1976 and 40% of the time in 1977. During this period plaintiff was repeatedly warned that his poor attendance record could cost him his job. Moreover, from 1974 to 1976 plaintiff was suspended on four different occasions for absenteeism and the repeated failure to properly document the asserted illnesses that kept him from work. Finally, on February 21, 1977, Mack fired plaintiff for excessive absenteeism and tardiness. Plaintiff, while not seriously disputing his employment record with defendant, asserts that he was treated differently, and subject to harsher sanctions, than he would have suffered had he been white. Seeking to support this contention, plaintiff points to his active involvement in the Allentown, Pennsylvania NAACP and the assistance which he gave fellow blacks in pressing charges against Mack before the Pennsylvania Human Relations Commission (Pa HRC) as supplying defendant's motive[3] for his disfavored treatment.

■ In considering defendant's motion, we begin our analysis with reference to the "intermediate evidentiary burdens" that the parties shoulder and which are designed to bring "litigants and the court expeditiously and fairly to [the] ultimate question." Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The shifting, flexible burdens described in McDonnell Douglas requires a Title VII litigant to first prove its prima facie case. He may do so by showing

(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that despite his qualifications he was rejected; and (iv) that, after his rejection the position remained open and the employer continued to seek applications from persons of complainant's qualifications. 411 U.S. at 802, 93 S.Ct. at 1824.

Once plaintiff has met this burden, defendant must articulate some legitimate, nondiscriminatory reason for plaintiff's rejection. In order to ultimately prevail, plaintiff

1. In discussing plaintiff's claims, reference is made solely to Title VII; the rights secured thereby are consonant with those protected by § 1981. New York City Transit Authority v. Beazer, 440 U.S. 568, 584 n.24, 99 S.Ct. 1355, 1365 n.24, 59 L.Ed.2d 587 (1979). See also, Scott v. University of Delaware, 601 F.2d 76, 79–80 n.2 (3d Cir. 1979).

2. For the full background of this case see McClain v. Mack Trucks, Inc., 494 F.Supp. 114 (E.D.Pa.1980); McClain v. Mack Trucks, Inc., 85 F.R.D. 53 and McClain v. Mack Trucks, Inc., 81 F.R.D. 730 (E.D.Pa.1979).

3. In disparate treatment cases, like the one at bar, where plaintiff challenges a facially neutral policy (i.e., sick leave and absentee policies) and claims that the policy is discriminatorily applied, proof of discriminatory motive, rather than mere impact, is required. International Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); Scott v. University of Delaware, 601 F.2d at 80.

must then submit evidence that defendant's articulated reason for the discharge was pretextual. 411 U.S. at 804, 93 S.Ct. 1817.

■ In a suit challenging the propriety of a firing, plaintiff's burden in proving its *prima facie* case differs slightly from the standard articulated above. Plaintiff, in such a case, must show that he is a member of the protected class; that he was qualified for the job that he held; that he satisfied the normal requirements of the job; and, that he was the object of adverse action. *See Whack v. Peabody & Wind Engineering Co.*, 452 F.Supp. 1369 (E.D.Pa. 1978), *aff'd mem.*, 595 F.2d 190 (3d Cir. 1979).

■ Importantly, the order of proof mandated by *McDonnell Douglas* does not require that evidence be produced in a compartmentalized form. Thus, plaintiff's evidence relevant to the issue of pretext can be as part of plaintiff's initial evidence which seeks to establish a *prima facie* case. *Worthy v. United States Steel Corp.*, 616 F.2d 698, 701 (3d Cir. 1980). Likewise, defendant's evidence may be properly employed to both undermine plaintiff's ability to establish a *prima facie* case and to show that plaintiff was terminated for a legitimate, nondiscriminatory reason.

■ In the case at bar, the parties agree that plaintiff satisfies three of the four requirements necessary to establish a *prima facie* case as articulated in *Whack*. They disagree, however, on whether plaintiff has adduced sufficient evidence to carry its initial burden on the issue of whether plaintiff satisfied the normal requirements of his job. Defendant asserts that plaintiff's undisputed record of absenteeism and his failure to properly document sick days, coupled with notice from defendant that such conduct was intolerable, forecloses plaintiff's ability to now argue that he properly performed his job. *Lieberman v. Grant*, 474 F.Supp. 848, 864–65, n. 17 (D.Conn.1979), *aff'd without discussion of this point*, 630 F.2d 60 (2nd Cir. 1980). Assuming plaintiff's establishment of a *prima facie* case, defendant also asseverates that plaintiff cannot rebut its articulated reason for the discharge and successfully claim that the adverse job action was pretextual. We assume for present purposes that plaintiff has established a *prima facie* case. In order for defendant to meet its burden of persuasion, it need only "articulate" its reasons for the firing, *Kunda v. Muhlenburg College*, 621 F.2d 532, 543 (3d Cir. 1980); *Hauck v. Xerox Corp.*, 493 F.Supp. 1340, 1350 (E.D.Pa. 1980), it need not "persuade the court that it was actually motivated by the proffered reasons." *Texas Department of Community Affairs v. Burdine*, 101 S.Ct. at 1094.

■ Plaintiff at this juncture and in order to avoid summary judgment, must now "*demonstrate* that the proffered reason was not the true reason for the employment decision." This obligation "merges with the ultimate burden of persuading the Court that [he] has been the victim of intentional discrimination." *Texas Department of Community Affairs v. Burdine*, 101 S.Ct. at 1095 (emphasis added).

■ .Plaintiff, in proving pretext, may rely on statistical, or other, evidence that whites with similar work histories were not fired under like circumstances. Absent identical work records, "comparable" work records of similarly situated whites will suffice to meet plaintiff's burden. *See McDonnell Douglas, Inc. v. Green*, 411 U.S. at 804, 93 S.Ct. at 1825.

■ However, notwithstanding the massive amount of discovery taken to date, plaintiff has not been able to produce a work record of any other Mack employee, of any color, which compares with his own. Rather, he argues that facts adduced through his own affidavit and deposition testimony—that his assistance to black Mack employees before the Pa HRC was the reason for his termination—creates a genuine issue of material fact as to pretext.

Plaintiff's affidavit, in part, merely rehashes his deposition testimony. To the extent that it draws the legal conclusion that he was "racially harassed" without setting forth the *specific facts* upon which that conclusion is based, it may be disregarded.

*Wire Mesh Products, Inc. v. Wire Belting Ass'n,* 520 F.Supp. 1004, 1005 (E.D.Pa.1981).

Moreover, plaintiff's assertion that he was fired for helping black co-workers file charges against Mack fails since his assistance ended in 1972, five years before his termination. Plaintiff has adduced no facts linking the events in 1972 to his termination in 1977. *Cf, Burke v. Leader Dogs for the Blind,* 516 F.Supp. 1374 (E.D.Pa.1981) (To withstand a motion for summary judgment plaintiff must adduce facts connecting defendant's conduct to his injury.)

Finally, plaintiff cannot prove pretext by arguing that he was disciplined for filing a number of his own charges before the Pa HRC since Mack's steadily increasing sanctions leveled at him for his unacceptable work history *antedate* the first discrimination charge.

 Clearly, *McDonnell Douglas* was not intended to erase Fed.R.Civ.P. 56 from Title VII actions. *Martinez v. Bethlehem Steel Corp.,* 496 F.Supp. 1002, 1004 (E.D.Pa. 1979), *aff'd,* 633 F.2d 210 (3d Cir. 1980). In the case at bar, plaintiff's proffered evidence that a white worker would have been treated differently than he was, is simply speculative. Speculation is, of course, insufficient to defeat a Rule 56 motion. An appropriate order will issue granting defendant's motion for summary judgment.