Samuel COX, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION, Defendant.

Civ. A. No. 82-3147.

United States District Court, District of Columbia.

Feb. 25, 1983.

Thomas I. Atkins, Gen. Counsel, Curtis E. Carter, Asst. Gen. Counsel, NAACP and Lezli Baskerville, Bureau Counsel, NAACP, Washington, D.C., for plaintiff.

Thomas E. Reinert, Jr., Morgan, Lewis & Bockius, Washington, D.C., David S. Fortney, Mark S. Dichter, Michael J. Ossip, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

MEMORANDUM

FLANNERY, District Judge.

This is an action brought by Samuel Cox, a former employee of the Consolidated Rail Corporation ("Conrail") alleging discrimination in employment by Conrail in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. This matter comes before the court on Conrail's motion to dismiss. Conrail alleges that plaintiff's Title VII claim is untimely, having been filed with the court more than 90 days after the plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission. In addition, Conrail argues that plaintiff's retaliation claim is not cognizable under 42 U.S.C. § 1981, which permits only actions alleging racial discrimination.

For the reasons set forth below, defendant's motion to dismiss is denied.

*Facts*

In September, 1981, plaintiff filed a charge of discrimination with the EEOC. [Charge 031810903, Plaintiff's Mem.App. A]. In his charge, the plaintiff alleged that Conrail had subjected him to harassment as a result of an earlier charge of race discrimination made by plaintiff. [Charge 013800377] In addition, plaintiff alleged that the harassment itself was racially motivated, and that the Conrail medical department was discriminatorily applying its medical policies in order to harass blacks, and to exclude blacks from employment. [Plaintiff's Ex. A]. Plaintiff subsequently amended his initial charge and repeated his allegations that the Conrail Medical Department was subjecting blacks to discriminatory treatment on the basis of race, and that he was suffering retaliation as a result of his earlier filing of a race discrimination claim. [Plaintiff's Mem. at Ex. B, C]. On July 30, 1982, the EEOC issued plaintiff a right-to-sue letter with respect to his amended charge.

Plaintiff subsequently contacted the New York office of the N.A.A.C.P. for the purpose of obtaining representation for bringing suit under Title VII and 42 U.S.C.

§ 1981. The N.A.A.C.P. accepted plaintiff's case, and drafted his complaint. On October 26, 1982, the 88th day following plaintiff's receipt of his right-to-sue letter, plaintiff's counsel, Curtis Rogers of the N.A.A.C.P. New York office, mailed a copy of the complaint to Ms. Baskerville, a representative of the Washington Office of the organization. Ms. Baskerville was instructed to file the complaint with the Clerk of the United States District Court for the District of Columbia.

At 6:00 p.m. on October 27, 1982, Ms. Baskerville deposited the complaint, with a check drawn in an amount sufficient to cover filing fees, with the United States guard at the Clerk's night desk. Ms. Baskerville also mailed a copy of the complaint on that day to CT Corporation, Conrail's agent for service of process.

On the afternoon of October 28, 1982, Mr. Hughes, deputy clerk of the court, called the secretary of Mr. Rogers, New York counsel and counsel of record in this case, to inform him that he had detected some errors in the form of the complaint, and that he would not permit its filing until the errors were corrected. The clerk found that the complaint violated the court's local rules, 1–4(a)(1), 1–5(b), 1–5(c), and 1–5(f). Specifically, the clerk determined that the complaint failed to conform to the local rules because (a) it was not signed by a local counsel, (b) it did not include the residence of the plaintiff, and (c) it did not include a caption that described the nature of the action. Affi. Gregory Hughes, ¶ 7. Mr. Rogers had taken several days of leave to visit relatives and stated that he did not learn of any filing difficulties until he called his office on the afternoon of November 1. He returned to his office on November 2 and corrected the complaint. Mr. Rogers inserted the phrase "Complaint of Race-Based Discrimination" in the caption; included the plaintiff's address; and listed Ms. Baskerville as local counsel.

The corrected complaint was filed with the clerk on November 3, 1982. Plaintiff's counsel paid an additional filing fee and served copies of the corrected complaint on the defendant. November 3, 1982 was the 96th day after plaintiff received his right-to-sue letter from the EEOC.

*Discussion*

■ A. Title VII requires a plaintiff to file suit within 90 days of his receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f). However, failure to bring suit within 90 days does not deprive the court of subject matter jurisdiction. *Gordon v. National Youth Work Alliance,* 675 F.2d 356, 359–60 (D.C.Cir.1982). Like statutes of limitations generally, Title VII's time provisions are subject to modification on equitable grounds. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Although *Zipes* dealt with the time limitation for filing charges of discrimination with the EEOC, its logic and reasoning was extended by this Circuit to the time limits for filing suit after receiving a right-to-sue letter from the EEOC. *Gordon, supra.*

■ In determining whether this case is appropriate for equitable modification of the time requirement, this court notes that "[f]airness, not excessive technicality, is the guiding principle under ... Title VII." *Zipes,* 102 S.Ct. at 1134, *Gordon,* 675 F.2d at 360. Turning to the facts surrounding the filing, rejection, and ultimate acceptance of plaintiff's complaint, the court finds that this is an appropriate occasion in which to apply the doctrine of equitable tolling. Although plaintiff's complaint was not properly filed with the clerk until six days after the expiration of the 90-day time period, plaintiff submitted a generally conforming complaint to the clerk within the time period set forth in the statute. The clerk rejected the complaint because of minor, and essentially technical, requirements of the local rules. Despite its defects, the complaint informed defendants adequately of the nature of the claim, and the relief sought. Defendant suffered no surprise, or other prejudice, as a result of the delay in filing an acceptable complaint. Ms. Baskerville mailed a copy of the original complaint, which is virtually identical to that eventually accepted by the Clerk, to defend-

ant on October 27, 1982. In addition, Mr. Rogers mailed a complimentary copy of the complaint to defendant's counsel on October 27. Accordingly, the defendant had actual notice of the complaint within the statutory period, and was not prejudiced by the clerk's action.

Additionally, this court finds that the clerk's rejection of the initial complaint, although mandated by the local rules of this jurisdiction, addressed technical deficiencies in the complaint, that should not operate to bar this claim from proceeding. Plaintiff's counsel, a New York attorney, was unfamiliar with the local rules of this jurisdiction. In his complaint, he inadvertently failed to include several facts needed by the Clerk's Office in order to process complaints efficiently. However, none of these defects implicate considerations that should bar this claim. Generally, statutes of limitations are enforced to insure fairness to defendants. *See Burnett v. New York Central Railroad,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). The defects at issue here do not operate to create unfairness to the defendant. The defendant will not suffer surprise if this action proceeds. Plaintiff has not slept on his rights, but has inadvertently submitted a technically deficient complaint within the statutory period. The court finds that the fundamental purpose underlying the 90-day period was satisfied under these facts, and equitable considerations support the tolling of the 90-day

period.[1] Defendant's motion to dismiss on grounds of untimeliness is denied, and plaintiff may proceed with this action.

■ B. The defendant argues, in addition, that plaintiff's § 1981 claim should be rejected because it is a retaliation claim and accordingly, not cognizable under 42 U.S.C. § 1981. In making this argument, the defendant refers the court to instances in which other jurisdictions have barred retaliation claims brought under 42 U.S.C. § 1981, asserting that § 1981 applies only to discrimination on the basis of race and color. *See e.g., Walton v. Rockwell International,* 24 F.E.P. Cases 955 (C.D.Cal.1980); *Tramble v. Converters Ink Co.,* 343 F.Supp. 1350 (N.D.Ill.1972). The plaintiff argues that his retaliation claim is nevertheless cognizable under § 1981 for two reasons. First, plaintiff disputes defendant's characterization of the claim. The plaintiff states that the § 1981 claim encompasses not only retaliation for filing an EEO complaint, but also other discriminatory actions set forth in, or referenced in, the complaint. Second, plaintiff argues that even if the § 1981 claim is simply a retaliation claim, such claims are cognizable under § 1981 provided the underlying complaint giving rise to retaliation was one of race discrimination.

This court finds both of plaintiff's arguments convincing. Plaintiff's complaint is, admittedly, inartfully drawn. Neverthe-

---

1. The defendant refers this court to some authority which, according to defendant, supports its argument that equitable tolling is inappropriate here. However, the court finds defendant's authority unpersuasive. In *McCloud v. Nat'l R.R. Passenger Corp.,* 25 F.E.P. Cases 513, 515 (D.D.C.1981) the court dismissed a Title VII action which was improperly filed in the District of Columbia Superior Court within 90 days after plaintiff's receipt of the right-to-sue letter. Holding that the federal district courts have exclusive jurisdiction over Title VII matters and that the subsequent filing of the complaint in federal court was untimely, the court found that the late filing did not satisfy the 90-day time limit. *Id.* However, the court found that the plaintiff had "no reasonable basis" to believe that the Superior Court would have jurisdiction over Title VII matters, and thus found no equitable considerations sufficient to support tolling.

In *Rice v. New England College,* 676 F.2d 9 (1st Cir.1982), the court found no reason to permit tolling of the 90-day statutory period where the plaintiff mailed the complaint on the 88th day, but it was not received by the Clerk until the 91st day. The court found no recognized equitable consideration supporting tolling and found the action untimely. *See also David v. Sears, Roebuck & Co.,* 29 F.E.P. Cases 1341 (D.Mass.1982) (mere fact that complaint filed one day late cannot serve as sufficient equitable consideration to support tolling of 90-day period).

In this case, in contrast, the plaintiff has not asserted that the statutory period is unfair, nor have his efforts to file the complaint been unreasonable or dilatory. The plaintiff has attempted to file a substantially conforming complaint within the statutory period. Its rejection did not prejudice plaintiff, and it was corrected in a timely fashion.

less, a careful review of the complaint reveals that plaintiff's § 1981 claim is not grounded in a single allegation of retaliation, but encompasses other alleged actions as well. Plaintiff's claim under § 1981 is set forth in count two of his complaint and provides simply:

Plaintiff alleges that the defendant has subjected him to discrimination in employment because of race in violation of Title 42 U.S.C. § 1981.

Complaint ¶ 38. In plaintiff's "Statement of the Claim", plaintiff makes reference to EEOC Charges 031800377 and 63181093. These charges contain plaintiff's particularized claims which include, in addition to retaliation: harassment, threatened discharge, denial of equal terms and conditions of employment, and unlawful denial of promotion. These claims allege race discrimination and are cognizable under 42 U.S.C. § 1981. *See* Complaint ¶ 16, 17, 21.

Although the plaintiff has properly alleged race discrimination under 42 U.S.C. § 1981 with respect to the non-retaliation claims referenced in his complaint, the defendant alleges that the retaliation claim itself may not be heard under § 1981. Defendant contends that there is no necessary racial connection between an EEO complaint and retaliation, and therefore no jurisdiction under § 1981.

Whatever the merits of defendant's argument in a case in which no racial animus underlines the original complaint, this court does not find that a retaliatory action against an employee for attempting to enforce rights under § 1981 cannot be based on race discrimination. Two recent decisions by United States Courts of Appeal reinforce this court's conclusion that § 1981 can support a retaliation claim, at least where the original EEOC complaint was based upon race discrimination. In *Setser v. Novack Investment Co.,* 638 F.2d 1137 (8th Cir.1981) the court considered whether a cause of action for retaliation could be sustained under 42 U.S.C. § 1981. The court determined that a retaliatory response made against an employee who brought a race discrimination complaint would inherently be in the nature of a race complaint. *Id.* at 1146. The court continued, "to deny appellant a cause of action for retaliatory acts resulting from pursuing a claim under § 1981 would have the effect of giving 'impetus to the perpetuation of racial discrimination.'" *Id.* citations omitted. The court held that § 1981 encompasses allegations of retaliatory conduct by an employer following the employee's filing of a claim for race discrimination with the EEOC.

Similarly, the Fifth Circuit, in *Goff v. Continental Oil Co.,* 678 F.2d 593 (5th Cir. 1982) considered whether an employee's claim of retaliation is cognizable under § 1981. That court also concluded that § 1981 will entertain a retaliation action. The court stated:

We hold that § 1981 does encompass claims of retaliation when an adverse action is taken in response to a person's filing of an EEOC charge or civil rights lawsuit in which racial discrimination is alleged. The ability to seek enforcement and protection of one's rights to be free of racial discrimination is an integral part of the right itself. A person who believes he has been discriminated against because of his race should not be deterred from attempting to vindicate his rights because he fears his employer will punish him for doing so. Were we to protect retaliatory conduct, we would in effect be discouraging the filing of meritorious civil rights suits and sanctioning further discrimination against those persons willing to risk their employer's vengeance by filing suits. Section 1981 would become meaningless if an employer could fire an employee for attempting to enforce his rights under that statute.

*Id.* at 598.

This court agrees with the reasoning of the authority set forth above, and notes that it is difficult to disassociate the § 1981 retaliation claim from the underlying claim of race discrimination. Plaintiff's claim of retaliation clearly states "I have been subjected to harassment as a result of filing Charge No. 031800377 in my position as

engineer." Plaintiff's Ex. A. Plaintiff's Charge No. 031800377 was a race discrimination complaint alleging racial harassment, threatened discharge, and non-promotion. Accordingly, plaintiff's retaliation claim is based on an underlying race discrimination claim, and thus gives rise to a claim under § 1981.

The court finds the authority relied upon by the defendant unpersuasive. The cases cited by the defendant appear to rely on the fact that a member of any race can suffer retaliation for filing discrimination claims, and that the underlying claim may have nothing to do with race. *See Tramble v. Converters Ink Co.*, 343 F.Supp. 1359 (N.D. Ill.1972); *Walton v. Rockwell International*, 24 F.E.P. Cases 955 (C.D.Cal.1980). In instances where the underlying claim has nothing to do with race discrimination, a retaliation claim brought under § 1981 would not be sustainable. However, here the retaliation is alleged to have been motivated originally by racial discrimination. Therefore, the court believes that it would be improper not to consider the plaintiff's retaliation claim under section 1981. *See McClain v. Mack Trucks, Inc.*, 81 F.R.D. 730 (E.D.Pa.1979); *Garcia v. Rush-Presbyterian-St. Lukes Medical Center*, 80 F.R.D. 254 (N.D.Ill.1978).

An appropriate Order accompanies this Memorandum.

### ORDER

This matter comes before the court on defendant's motion to dismiss. After reviewing the memoranda submitted by the parties, and after hearing oral argument in this matter, it is, by the court, this 25th day of February, 1983,

ORDERED that the defendant's motion to dismiss is denied; and it is further

ORDERED that the defendant shall, no later than March 1, 1983, file an answer and serve interrogatories on the plaintiff; and it is further

ORDERED that the plaintiff shall no later than April 14, 1983, answer the defendant's interrogatories; and it is further

ORDERED that discovery in this matter shall be terminated no later than June 14, 1983; and it is further

ORDERED that a status call shall be held in this matter on June 14, 1983 at 9:30 a.m.