**Louvenia MITCHELL and Wilma Crayton, Plaintiffs,**

v.

**SAFEWAY STORES, INC.; Richard "Dick" Knight; and Robert Tush, Defendants.**

No. 83 1753.

United States District Court, D. Kansas.

Dec. 20, 1985.

Fred W. Phelps, Jr., Topeka, Kan., for plaintiffs.

Alan L. Rupe, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This suit was brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000e *et seq.* Plaintiffs claim they were discriminated against on the basis of race and on the basis of retaliation, and this impermissibly motivated discrimination affected their terms and conditions of employment and ultimately resulted in their termination of employment. Defendants move for summary judgment, claiming that plaintiffs have failed to present a *prima facie* case because the uncontroverted facts show that plaintiffs were not qualified to perform their job duties. Defendants further claim that if plaintiffs have made a *prima facie* case, then plaintiffs have failed to allege sufficient facts to meet the defendants' articulated nondiscriminatory reason for their discharge. For the reasons stated below, the defendants' motion for summary judgment is granted.

The plaintiffs, Louvenia Mitchell and Wilma Crayton, are sisters. Louvenia Mitchell began employment with defendant Safeway Stores on or about June 9, 1976, and Wilma Crayton began employment with Safeway on or about July 14, 1975. The plaintiffs had each formerly filed suits against Safeway for alleged race-based discrimination in employment. Ms. Crayton settled her case filed January 27, 1981, with Safeway, dismissing the suit with prejudice on February 12, 1982, and releasing Safeway of all potential claims in consideration of $7,500. Ms. Crayton released any and all claims she may have had against Safeway accruing prior to February 2, 1982. Ms. Mitchell released all claims she might have had against Safeway accruing prior to September 20, 1982, and dismissed with prejudice her suit against Safeway on September 23, 1982, in consideration of $17,500. This action now before the court was filed on August 5, 1983, and pertains to Ms. Crayton's claims accruing after February 2, 1982, and Ms. Mitchell's claims accruing after September 20, 1982.

Ms. Crayton suffered a job-related injury, underwent surgery, and was off work

from September 13, 1982, to January 17, 1983. She filed a worker's compensation claim which she settled for $40,000 plus medical expenses upon a stipulated 75% work disability. Ms. Mitchell suffered a job-related injury, underwent surgery, and was off work from September 30, 1982 to January 17, 1983. Her worker's compensation claim was heard by the District Court of Sedgwick County, which found a 67% permanent partial, general bodily disability. She was awarded $8,011 for temporary total disability, and further compensation at the rate of $194 per week not to exceed $75,000.

While plaintiffs were on medical leave from September 1982 through January 17, 1983, the Safeway meat processing plant made significant changes in production and job assignments. Production was changed from a "table" to a "rack" type of line, and the line speed was increased. In addition, defendants reduced the number of workers at the stations along the line. Plaintiffs' work load, consequently, had increased from the time they left their jobs in September and October of 1982 to the time they returned to work in January of 1983. These production changes affected all workers involved.

When plaintiffs returned to work, there is some question as to whether they were released to perform their former jobs or only "light duty" work. Plaintiffs allege they were released for light duty but that defendants did not allow plaintiffs such work. Defendants note that only one of the physicians recommended any limitation which was a slower paced job for a week or two, thereafter released to perform full duties. Both plaintiffs admitted they were physically incapable of performing their former jobs which had increased in work load.

The personnel records of Wilma Crayton reveal that she was counseled in May 1983 for her absenteeism problem and was informed if her performance did not improve she would be discharged. Before her medical leave, plaintiff Louvenia Mitchell was confronted about her excessive absentee-

ism. After her return to work, her absenteeism problem continued and failed to improve. Plaintiffs do not controvert they were an absenteeism problem and do not offer excuses for their particular absences.

Plaintiffs, nevertheless, contend that they were discharged for the discriminatory reasons of their race and in retaliation for their previous discrimination lawsuits. Plaintiffs also assert that this impermissibly motivated conduct affected their terms and conditions of employment. Defendants, on the other hand, contend that plaintiffs were terminated for excessive absenteeism, that they were physically unable to perform their job duties, and that any increase in job duties from the time they left employment on medical leave to the time they resumed employment was due to efforts to increase production and did not impact on plaintiffs differently than other employees.

Defendants argue that plaintiffs have failed to present a *prima facie* case because plaintiffs were not qualified for employment due to their excessive absenteeism and their physical inabilities to perform the work. Defendants additionally contend that if a *prima facie* case has been presented, plaintiffs still have failed to allege sufficient facts to meet defendants' nondiscriminatory reasons for the terms and conditions of their employment and for their ultimate terminations.

In considering defendants' motion for summary judgment, the court is mindful of the following standards. As summary judgment is to be granted with caution, the record must be read in a light most favorable to the party opposing summary judgment. *Lindley v. Amoco Production Co.,* 639 F.2d 671 (10th Cir.1980). The movant must establish its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.,* 754 F.2d 884, 885 (10th Cir.1985). Where circumstantial evidence or factual inferences tend to show genuine issues for trial, summary judgment is inappropriate. *Barber v. General Electric Co.,* 648 F.2d 1272, 1278 (10th Cir.1981). A party resisting a motion for

summary judgment cannot rest on conclusory allegations; it must set forth specific facts showing a genuine issue remains for trial. *Dart Industries, Inc. v. Plunkett Company of Oklahoma,* 704 F.2d 496, 498 (10th Cir.1983).

The basic *prima facie* guideline of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) is applicable to both Title VII cases and Section 1981 cases. *Conner v. Fort Gordon Bus Co.,* 761 F.2d 1495, 1498 (11th Cir.1985); *Adams v. McDougal,* 695 F.2d 104, 109 (5th Cir.1983). The *McDonnell Douglas* test requires a showing of the following elements to present a *prima facie* case of discrimination with regard to termination from employment: (1) plaintiff is a member of a protected class; (2) plaintiff is qualified for the job he was performing; (3) despite plaintiff's qualifications, he was discharged; and (4) after his discharge the job remained available and the employer sought people with his qualifications to fill his job.

Plaintiffs filed a grievance procedure after their terminations and the matter was submitted to an arbitrator. An arbitrator's decision is not entitled to collateral estoppel or *res judicata* effect, but the decision may be admitted as evidence. *McDonald v. City of West Branch, Michigan,* 466 U.S. 284, 292, 104 S.Ct. 1799, 1804, 80 L.Ed.2d 302, 310 (1984). The arbitrator concluded "There is no doubt that the grievants are ineffective employees because of their alleged physical limitations and chronic absenteeism. They were not dependable in appearing for work and placed unnecessary burdens on fellow workers."

■ Courts have recognized excessive absenteeism as a legitimate nondiscriminatory reason for terminating an employee. *Friends v. Coca-Cola Bottling Co.,* 37 F.E.P. Cases 1153, 1158–59 (D.Kan.1983); *McClain v. Mack Trucks, Inc.,* 532 F.Supp. 486, 32 F.E.P. Cases 1889, 1891 (E.D.Pa. 1982); *But see Stewart v. MBPXL,* 32 F.E.P. Cases 1866, 1867 (D.Kan.1983) (plaintiff explained away 2 of 3 alleged unexcused absences). Excessive absenteeism may render an employee "unqualified" for purposes of the required *prima facie* showing. *McClain,* 532 F.Supp. 486, 32 F.E.P. Cases at 1891.

■ This court finds that there is no issue of material fact with respect to the qualifications of these plaintiffs to perform the duties of their position. Plaintiffs' excessive absenteeism, as defined by the Safeway employment manual, and their physical limitations rendered them unqualified to perform the tasks required. Plaintiffs allege that because of the increased workload they were physically unable to remain on the job without absenteeism. The court finds this bare allegation of a nexus between the increased workload and the absences does not raise a question of material fact as to preclude summary judgment. Instead, the affidavit of the Safeway supervisor supports an inference that plaintiffs' absenteeism was not related to their physical incapability to perform the increased work. Therefore, plaintiffs' claim of unlawful termination of employment because of racial discrimination is fatally defective for failing to present a *prima facie* showing at this summary judgment stage.

Plaintiffs have failed to present a *prima facie* case that they were not promoted or accorded their seniority rights because of their race. Plaintiffs would have to show: (1) that they were members of a racial minority; (2) that they were qualified for the job openings; (3) that they were not promoted to the available positions; and (4) that the positions were filled by another. *Mohammed v. Callaway,* 698 F.2d 395, 398 (10th Cir.1983). Plaintiffs' injuries can hardly be said to qualify them for a promotion. The fact that plaintiffs held higher level jobs and were demoted thereby giving rise to their first lawsuit does not show their present qualifications and nor does it warrant the court's sifting through the allegations which were never litigated in these former lawsuits. Besides their counsel's argument, plaintiffs have not of-

fered facts to support the conclusion that other positions were available.

■ Plaintiffs also claim they received no light duty work after their medical leave, whereas white employees were given light work upon their return from medical leave. Defendants respond that only one of plaintiffs' doctors recommended light duty and all other work releases authorized full job duties. In addition, one of the defendants testified before the arbitrator that if an opening existed, because of absences or other reasons, then an employee returning from extended leave might be placed in that opening, depending on his or her seniority rights. Plaintiffs have not presented any evidence upon which the court could infer that other positions were available when plaintiffs returned to work. Since defendants have articulated a legitimate and nondiscriminatory reason which is undisputed, and plaintiffs have not come forward with evidence from which a pretext can reasonably be inferred, summary judgment is appropriate.

■ The court next addresses the issue of whether there exist any issues of material fact with respect to plaintiffs' claim for discriminatory termination of employment in retaliation for their previous lawsuits. The Tenth Circuit, in *Burrus v. United Telephone Company of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir.1982), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1983), rephrased the *McDonnell Douglas* test for retaliation as follows:

A plaintiff must first establish a prima facie case of retaliation by showing that: (1) she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) she was disadvantaged by an action of her employer subsequent to or contemporaneously with such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action.

Of course, once a plaintiff has established a *prima facie* case, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the job

action. Once the employer produces such a reason, plaintiff then must establish that the reason was a mere pretext for discrimination. *Id.*

The question in this case is whether there is a causal connection between plaintiffs' prior lawsuits and their subsequent termination after returning from medical leave. Safeway has presented uncontroverted facts that the increased workload was due to a change in the production process of the plant. There are no facts in the record which would support an inference that the change in the production process was instituted for the purpose of retaliating against these two plaintiffs. The increased workload applied to all workers and not solely to plaintiffs. Therefore, plaintiff's claim of discrimination in terms and conditions of employment and in termination on the basis of unlawful retaliation must also be dismissed at this summary judgment stage.

Therefore, as to the claims of racial discrimination and unlawful retaliation as affecting the terms and conditions of employment, a failure to promote, and their termination, this court finds that the facts are uncontroverted that plaintiffs were not qualified due to excessive absenteeism and physical limitations. Thus, plaintiffs have failed to present a *prima facie* case and summary judgment is appropriate. Further, even if plaintiffs had presented controverted factual allegations with regard to their *prima facie* case, the plaintiffs have not alleged any fact to controvert defendants' explanation that the increased workload was a legitimate business, nondiscriminatory decision to increase productivity in the Safeway plant. Plaintiffs have failed to allege any facts to suggest Safeway's actions were a mere pretext for unlawful racial discrimination or retaliation.

IT IS THEREFORE ORDERED that the motion for summary judgment of defendants is granted with respect to all of plaintiffs' claims herein, including discrimination in the terms and conditions of employment, and discrimination in the ultimate termination of employment, on the basis of

racial discrimination and on the basis of retaliation.