**JoAnne MALKER, Plaintiff,**

v.

**BRINLAW MANUFACTURING CO., (Appearing as Brinlaw Company, L.P., Successor), Defendant.**

**No. C–C–86–184–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Jan. 7, 1987.

JoAnne L. Malker, Dallas, N.C., for plaintiff.

James H. Atkins, Gastonia, N.C., Robert J. Conrad, Jr., Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Defendant's Motion for summary judgment, together with a Memorandum and Affidavits in support thereof, and upon Plaintiff's Motion for additional time within which to respond.

Plaintiff instituted this employment discrimination case on April 16, 1986; the Court entered in its Pretrial Order on May 14, 1986. On September 11, 1986, the Defendant filed its Motion for summary judgment and supporting materials. On that same date, the Plaintiff requested appointment of counsel. On November 26, 1986, this Court denied Plaintiff's request for counsel stating that

the Plaintiff has not made a sufficient showing that the circumstances of this case are such that justice requires the appointment of counsel. This conclusion rests primarily on this Court's findings

that the Plaintiff has failed to establish that she made diligent efforts to obtain an attorney or a legal services organization to assist her in her case and that Plaintiff appears to be able to adequately pursue her claim at this juncture.

*Malker v. Brinlaw Manufacturing Co.*, No. C–C–86–184–P at p. 7 (Order of November 26, 1986).

The Court further stated that

[t]he Court will grant her 30 days from the date of issuance of this Order within which to respond to Defendant's Motion for summary judgment. Plaintiff should support her response with affidavits and exhibits to refute Defendant's arguments and establish a genuine issue of material fact.

*Id.* The Plaintiff's time for responding to Defendant's Motion for summary judgment expired on December 26, 1986. Four days later, Plaintiff filed her request for an extension of time in which to respond, stating that she still did not have an attorney.

With respect to Plaintiff's request for additional time, the Court is of the opinion that she has already had more than enough time to formulate and express her defense to Defendant's Motion for summary judgment. Plaintiff has disregarded this Court's November 26 Order directing a response within 30 days. Her request for additional time is both out of time and indicates no efforts whatsoever she has made to abide by the Orders of this Court. Consequently, her request shall be DENIED and the Court will now consider Defendant's Motion for summary judgment.

The Complaint alleges a cause of action for race discrimination in employment in violation of 42 U.S.C. § 2000e *et seq.* In its Motion for summary judgment on the ground that no genuine factual issue exists and that under Fed.R.Civ.P. 56, it is entitled to judgment as a matter of law, the Defendant asserts that Plaintiff, a sewing machine operator, was terminated for poor work performance and not for any reason related to race. The Defendant states that two different supervisors had reprimanded

Plaintiff on several occasions for her poor performance; that numerous items were returned to her for repairs which were done unacceptably and Plaintiff's response was that she could not perform any better; and that subsequent to Plaintiff's termination, the Defendant dismissed a white sewing machine operator for similar poor performance. In support of its contentions, Defendant has offered the Affidavits of Cathy Ammons, Plaintiff's supervisor who recommended her discharge, and Eddie Furr, who was consulted and agreed to the decision, as did Executive Vice President Phoebe Harwell.

The Affidavit of Geraldine Gordon, supervisor in charge of repairs, states that on the week of June 17, 1985, she noticed numerous sewing defects in certain garments, style number 2007–2, consisting of uneven straps sewed on approximately 75 garments. Because the straps exceeded the allowable differential, Gordon considered the work to be extremely poor quality and reported it as such to Ammons.

Ammons states in her Affidavit that she reviewed the production tickets and discovered that the items had been sewn by Plaintiff so she returned the items to Plaintiff for repairs. Ammons further states in her Affidavit that Plaintiff was paid her base wage to perform the repairs and that it was the policy of Defendant to return work to the person responsible for the defects and to pay them base wage for repairs. When Ammons gave the repairs to Plaintiff, Ammons advised Plaintiff that if the items were not repaired in first quality condition then she would terminate Plaintiff. Eight of the garments were not repaired at all and 12 were repaired in such a way as to leave holes in the garments; thus, Ammons concluded that the repairs were unacceptable. Ammons further states that Plaintiff remarked, "I don't know why you can't just sew the holes up." Ammons terminated Plaintiff on June 21, 1985, for poor quality work.

Furr's Affidavit shows that Ammons discussed with him on June 21, 1985 the poor quality work, disgruntled attitude and re-

fusal to make repairs by Plaintiff. Furr states that at that time he was aware of previous complaints from Plaintiff's supervisor about her poor quality work. Furr concurred with Ammons' decision.

The Defendant contends that the Plaintiff has failed to produce any evidence to establish (1) she was qualified for the job, (2) that she was discharged despite her qualifications, and (3) that the Defendant retained a non-protected status employee whose work performance and/or conduct was similar to hers.

Satisfactory performance is an ordinary prerequisite of continued employment, *Flowers v. Crouch Walker Corp.*, 552 F.2d 1277 (7th Cir.1977), and Plaintiff's job performance with Defendant was unsatisfactory. Further, the Plaintiff has failed to produce any evidence that other similarly situated employees of a non-protected status were not discharged for similar behavior. Furr's affidavit indicates that the Defendant terminated another sewing machine operator, Emma Ellison, white, for poor job performance since Plaintiff's termination. *See Ardrey v. U.P.S.*, 615 F.Supp. 1250 (W.D.N.C.1985); *Moore v. City of Charlotte*, 754 F.2d 1100 (4th Cir. 1985); and *Conley v. KFC Corp.*, 606 F.Supp. 235 (W.D.Ky.1985).

Thus, Defendant contends, Plaintiff has failed to establish a *prima facie* case of discrimination and summary judgment should be entered against her. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Mitchell v. G.E. Co.*, 689 F.2d 877 (9th Cir.1982); and *McClain v. Mack Trucks, Inc.*, 532 F.Supp. 486 (E.D.Pa.1982), aff'd 707 F.2d 1393 (3d Cir.), cert. denied 462 U.S. 1137, 103 S.Ct. 3123, 77 L.Ed.2d 1375 (1983).

In *Mack v. W.R. Grace Co.*, 578 F.Supp. 626 (N.D.Ga.1983), the court stated that [w]here an employer seeking summary judgment in an employment discrimination suit makes a convincing showing of discharge for non-discriminatory reasons,

the discharged employee cannot then rely on the allegations in his complaint or on promises or speculation that he may be able to prove discriminatory intent at trial. He must be able to counter the employer's showing with an adequate offer of proof that the stated reason for discharge is in fact a pretext for discrimination.

*Id.* at 631. See also, *Warren v. Quality Service Corp.*, 603 F.Supp. 1174 (W.D.N.Y. 1985). The Defendant argues that Plaintiff has not indicated any other witness or one scintilla of evidence to show discriminatory reason or incredible justification by Defendant.

Plaintiff disputes the Defendant's assertions and alleges in her Complaint that on June 21, 1985, Plaintiff was given work to repair which had been improperly sewn by a white co-employee. Some of the work was beyond repair according to Plaintiff, and she was allegedly discharged when she was unable to fix 14 of some 75 pieces of repair work given to her. Plaintiff further alleges that the white employee responsible for the mistakes in the first place was not disciplined for her poor performance. Plaintiff further alleges that Defendant assigned her to the most difficult production jobs which resulted in her being paid less than her white counterparts.

Summary judgment shall be granted in favor of the moving party when it is shown that, in considering the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Taylor v. Chesapeake and Ohio Railway Co.*, 518 F.2d 536 (4th Cir.1975). The law of summary judgment generally requires that the party responding to a motion for summary judgment set forth "countervailing evidence establishing a genuine factual dispute." *Scooper Dooper, Inc. v. Kraftro Corp.*, 494 F.2d 840, 848 (3d Cir.1974).

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. [Authority omitted.] In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a *genuine issue for trial.'* Fed.Rule Civ. Proc. 56(e). [Authority omitted], (purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial'). Where the record taken as a whole could not lead a rational trier of fact to find or the non-moving party, there is no 'genuine issue for trial.' [Authority omitted.]

*Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, — U.S. —, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

The Plaintiff's assertions included in her Complaint have not been supported by any evidence in the form of affidavit, exhibits, or otherwise. Plaintiff has been noticed since September 11, 1986, of the Defendant's contentions for summary judgment. The Court even advised the Plaintiff by its Order of November 26 to file affidavits and/or exhibits to support her claims and refute the Defendant's arguments for summary judgment. The Court allowed Plaintiff thirty additional days to file her response. The Plaintiff, however, failed to respond; instead, she wrote the deputy clerk of court four days after the response time had run seeking an additional thirty days. The Plaintiff has failed to come forward with any specific facts showing she was discharged for reasons other than poor quality work performance, although she has had ample opportunity to do so. Plaintiff has, therefore, failed to show that there is a genuine issue of fact for trial and summary judgment should be entered against her.

IT IS SO ORDERED.

The Clerk is directed to enter summary judgment against Plaintiff in accordance with Fed.R.Civ.P. 58.